J. R. DOWDY, plaintiff in error, *vs.* DOUGALD McLELLAN, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. That a note was given for slaves who were made free by the results of the late war, is no defense to a suit thereon.

2. Where a verdict is contrary to a correct charge of the court, a new trial should be granted on the ground that it is contrary to law.

Promissory notes. Slaves. New trial. Before Judge STROZER. Worth Superior Court. April Term, 1874.

For the facts of this case, see the decision.

D. H. POPE, for plaintiff in error.

G. J. WRIGHT; W. A. HARRIS, for defendant.

WARNER, Chief Justice.

J. R. Dowdy brought complaint against Dougald McLellan on a promissory note for $1,000 00, dated August 4th, 1860, payable by the 1st of January next thereafter, to James L. Kinchen or bearer, with a credit thereon of $350 00, of date March 12th, 1861. The defendant pleaded the general issue, failure of consideration, payment of $190 00 on the note, and that the plaintiff took it after maturity. The plaintiff introduced the note sued on and closed. The defendant testified substantially as follows: The note was given in part payment for James L. Kinchen's interest in some negroes belonging to the Holliday estate, to which he was entitled. In 1861, just before the payee traded the note, he paid him $190 00. This amount was in addition to the credit of $350 00 entered thereon. The payee did not part with the note until after its maturity. In 1865 or 1866, Kinchen wrote him that he could not deliver the negroes, and not to pay the note. Mrs. Holliday, under the will, had the right to keep the negroes until she died. She is still living. Kinchen resided in Telfair county. When Mrs. Holliday died the defendant expected to get the negroes himself. He did not expect Kinchen to come from Telfair county to deliver them to him. These negroes were slaves when the note was given, but have become free by the results of the late war. He was aware of the fact that he could not get possession of them until the death of Mrs. Holliday, but expected to get the use of some of them during her life, as the other heirs had done. He never applied to Mrs. Holliday for the use of any of them.

W. L. Lane controlled the negroes, and he could not get them. The jury found for the defendant. The plaintiff moved for a new trial, because the verdict was contrary to law, contrary to the evidence and the following charge of the court: "That if this note was given for negroes, who were slaves at the time it was given, or an interest in them, and they had been freed by the results of the war, that still it was a good consideration." The motion was overruled, and plaintiff excepted.

Assuming that the charge of the court was right, as we think it was, then the verdict was contrary to law, and it was error in overruling the motion for a new trial.

Let the judgment of the court below be reversed.